996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo RIVERA, Defendant-Appellant.
 No. 92-2198.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1993.
 
 Before MOORE, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from a motion to suppress evidence seized at a border checkpoint. We affirm.[1]
 
 
 2
 Defendant was stopped at a checkpoint near mile marker 35 on Highway 54 in Otero County, New Mexico. Because the Border Patrol Agent had just encountered a similar car with two hidden compartments, one of which contained a "sacrificial load,"[2] he was looking for a second vehicle with the "mother load." The similarity in vehicles and the proximity of time caused the agent to become immediately suspicious of defendant's car; therefore, he asked defendant if he could look into the trunk. Defendant consented and opened the lid from inside the car.
 
 
 3
 The agent saw the same type of compartment behind the rear seat as that which contained the sacrificial load in the previous car. He therefore suspected defendant's car was similarly rigged, and directed defendant to the secondary inspection area where he asked permission to use a sniffer dog to inspect the vehicle. Once again, defendant agreed. The dog alerted on the rear door and then upon the area between the seats.
 
 
 4
 Defendant was escorted into the checkpoint office and placed under arrest. After being advised of his constitutional rights, he signed a consent to the search of his car. Approximately 115 pounds of cocaine was discovered as a result of the subsequent search.
 
 
 5
 Defendant contends the discovery of the cocaine was the product of an illegal search because "the evidence establishes that he did not voluntarily consent to open the truck [sic] of the vehicle." He does not discuss the subsequent consent given to use the sniffer dog and the written consent to search the vehicle.
 
 
 6
 The trial court found that defendant voluntarily consented to open his trunk. Defendant fails to tell us why that finding is clearly erroneous.[3] He neither recites testimony nor refers to evidence which negates the district court's finding. Rather, defendant satisfies himself by merely arguing the burden to demonstrate voluntary consent lies upon the government and summarily states: "the evidence establishes that his actions in opening the trunk of the vehicle was [sic] merely 'acquiescence to a claim of lawful authority' and therefore was not voluntary."
 
 
 7
 While the government bears the initial burden of proof in the trial court that consent was voluntary, once the finding of consent is made the burden has been satisfied. Because we cannot reverse a finding of fact unless it is clearly erroneous, United States v. Gonzalez-Acosta, 989 F.2d 384 (10th Cir.1993), appellant bears the onus of failing to establish the error. Here, by merely relying upon a conclusory argument, the appellant has not carried the day. See United States v. Soto, 988 F.2d 1548 (10th Cir.1993).
 
 
 8
 Defendant also contends the agent "exceeded his authority by referring [defendant] to the secondary inspection area." The support for this contention is the agent permitted two other cars to pass through the checkpoint without stopping them, and the reason given by the officer was not an "objective basis for suspecting a particular person of crime."
 
 
 9
 Defendant was referred to the secondary location because his trunk appeared to be rigged in the same manner as the one discovered carrying contraband only a short time before defendant was stopped. The district court found the agent had reasonable suspicion to make the referral, and we agree. As that is the only question raised by the defendant, we need not pursue the issue any further.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We have not been provided with a transcript of the testimony given at the suppression hearing. Our recitation of facts comes from what appears in the briefs and the district court's findings of fact
 
 
 [2]
 Contraband sent though a checkpoint to divert officers from a larger or more valuable load is referred to as a "sacrificial load."
 
 
 [3]
 Indeed, without a transcript of the testimony, we are unable to independently determine whether this finding is clearly erroneous